UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

     - v. -

DOMENICK DEVITO,
LOUIS CORDASCO, Jr.,
JOHN LISCIO, and
ROBERT DIDONATO

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - x

**SEALED** *RCD*
**INDICTMENT**

S2 06 Cr. 1089 (BSJ)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/25/07

**COUNT ONE**

The Grand Jury charges:

**BACKGROUND**

    1.  At various times relevant to this Indictment, a cooperating witness ("CW-1") owned residential real estate located at 28 Brae Burn Drive, Purchase, New York ("28 Brae Burn"), 11 Grand Park, Scarsdale, New York ("11 Grand Park"), and 4350 Purchase Street, Purchase, New York ("4350 Purchase"), among other properties, in Westchester County. At certain times relevant to this Indictment, CW-1 permitted DOMENICK DEVITO, the defendant, to reside in 28 Brae Burn.

    2.  At various times relevant to this Indictment, a cooperating witness ("CW-2") owned residential real estate located at 28 Scott Circle, Purchase, New York ("28 Scott Circle") and 3801 Purchase Street, Purchase, New York ("3801 Purchase"), among other properties, in Westchester County.

3. At all times relevant to this Indictment, DOMENICK DEVITO, the defendant, purported to run a joint venture with CW-1 and CW-2 which invested in residential real estate in Westchester County. Among other things, DEVITO, the defendant, identified properties for CW-1 and CW-2 to purchase, managed the financing of the properties, and performed construction work at the properties.

4. At all times relevant to this Indictment, JOHN LISCIO, the defendant, owned Liscio Insurance Agency, Inc., in Tuckahoe, New York. LISCIO, the defendant, was a licensed insurance agent who sold insurance products to, among other people, CW-1, CW-2 and DEVITO.

5. At all times relevant to this Indictment, LOUIS CORDASCO, JR., the defendant, worked for Crystal Restoration Enterprises, Inc., in Port Chester, New York, a company that specializes in emergency clean-up services, including in residential homes, for, among other things, water damage from a broken pipe. At various times relevant to this Indictment, CORDASCO was responsible for, among other things, performing emergency clean-up services for homes owned by CW-1 and CW-2.

6. At all times relevant to this Indictment, ROBERT DIDONATO, the defendant, was a residential real estate broker who worked for a real estate company in Rye, New York. At various times relevant to this Indictment, DIDONATO, the defendant, acted

2

as a real estate broker for CW-1, CW-2 and DEVITO.

### Scheme To Defraud

7. As set forth more fully below, from in or about January 2003 through in or about June 2004, DOMENICK DEVITO, LOUIS CORDASCO, JR., JOHN LISCIO, and ROBERT DIDONATO, the defendants, engaged in a scheme to defraud insurance companies by submitting, and causing to be submitted, insurance claims and supporting documents for water damage to homes and/or their contents caused by broken pipes, which claims contained false and misleading information about, among other things, the value of the contents of the home, for the purpose of obtaining insurance proceeds to which the defendants and their co-conspirators were not otherwise entitled.

8. As part of the scheme to defraud, CW-1 and CW-2, at the direction of DEVITO, the defendant, purchased a number of residential properties in Westchester, New York, among them 28 Brae Burn, 3801 Purchase, 28 Scott Circle, 11 Grand Park and 4350 Brae Burn. ROBERT DIDONATO, the defendant, served as the real estate agent for CW-1 and CW-2 for most of these purchases.

9. As a further part of the scheme to defraud, CW-1 and CW-2, at the direction of DEVITO, the defendant, purchased various insurance policies through LISCIO. At various times relevant to the conspiracy, LISCIO sold various insurance

3

policies to CW-1 for 11 Grand Park, 28 Brae Burn and 4350 Purchase, and to CW-2 for 28 Scott Circle, and 3801 Purchase, among other properties. In addition, LISCIO, the defendant, sold an insurance policy to DEVITO for DEVITO'S personal property while DEVITO lived at 28 Brae Burn.

10. As a further part of the scheme to defraud, DOMENICK DEVITO, LOUIS CORDASCO, JR., and JOHN LISCIO, the defendants, planned to break pipes in various homes owned by CW-1 and/or CW-2, and caused the breaking of pipes in such homes.

11. As a further part of the scheme to defraud, DOMENICK DEVITO, LOUIS CORDASCO, JR., JOHN LISCIO, and ROBERT DIDONATO, the defendants, submitted and caused to be submitted insurance claims for water damage from a broken pipe at 28 Brae Burn, which claims the defendants knew contained false and misleading statements.

12. As a further part of the scheme to defraud, JOHN LISCIO, the defendant, engaged LOUIS CORDASCO, JR., the defendant, to perform emergency clean-up work at various homes that had suffered water damage from broken pipes, including 28 Brae Burn and 28 Scott Circle.

**THE CONSPIRACY**

13. From at least in or about January 2003, up to and including in or about February 2005, in the Southern District of

New York and elsewhere, DOMENICK DEVITO, LOUIS CORDASCO, JR., JOHN LISCIO, and ROBERT DIDONATO, the defendants, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, to violate Section 1341 of Title 18, United States Code.

        14.  It was a part and an object of the conspiracy that DOMENICK DEVITO, LOUIS CORDASCO, JR., JOHN LISCIO, and ROBERT DIDONATO, the defendants, and others known and unknown, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, for the purpose of executing such scheme and artifice and attempting so to do, unlawfully, willfully and knowingly would and did place in a post office and authorized depository for mail matter, matters and things to be sent and delivered by the Postal Service, and would and did deposit and cause to be deposited a matter and thing to be sent and delivered by a private and commercial interstate carrier, and would and did take and receive therefrom, such matters and things, and would and did knowingly cause to be delivered by mail and such carrier according to the direction thereon, and at the place at which it was directed to be delivered by the person to whom it was addressed, such matters and things, in violation of Title 18, United States Code, Section

1341.

**OVERT ACTS**

15.  In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.  On or about January 23, 2003, JOHN LISCIO, the defendant, on behalf of DEVITO, the defendant, and CW-1, reported to an insurance company that 28 Brae Burn had suffered water damage from a broken pipe.

b.  On or about February 1, 2003, ROBERT DIDONATO, the defendant, entered into a sham residential real estate lease with DEVITO for $12,500 a month, for the purpose of assisting DEVITO in obtaining insurance proceeds from the pipe break at 28 Brae Burn.

c.  On or about February 4, 2003, LOUIS CORDASCO, the defendant, submitted and caused to be submitted to an insurance company a fraudulently inflated appraisal for certain of DEVITO's personal possessions as part of DEVITO's insurance claim from the pipe break at 28 Brae Burn.

d.  On or about February 8, 2003, DOMENICK DEVITO, the defendant, submitted and caused to be submitted to an insurance company false and misleading information concerning the

value of DEVITO's personal items, including rugs and art work, which were purportedly damaged by the pipe break at 28 Brae Burn.

   e. In or about March 2003, JOHN LISCIO, the defendant, met with CW-1 at 11 Grand Park for the purpose of evaluating damage to 11 Grand Park that had been caused by rain water. LISCIO, the defendant, suggested to CW-1 that CW-1 report falsely to the insurance company that a pipe had broken in CW's house, rather than report the actual cause of damage, for the purpose of obtaining proceeds from CW-1's insurance policy.

   f. In or about January 2004, JOHN LISCIO, the defendant, spoke with CW-2 about making an insurance claim for water damage that had occurred from a broken pipe at 28 Scott Circle, which was an unoccupied investment property at the time. LISCIO, the defendant, informed CW-2 that CW-2 could represent to the insurance company that the house was occupied, when, in fact, it was not, for the purpose of obtaining proceeds from CW-2's insurance policy.

   g. On or about April 24, 2004, an insurance company sent, via United States Mail, checks representing the proceeds of the insurance claim at 28 Brae Burn to an office in Westchester County.

   h. On or about June 25, 2004, ROBERT DIDONATO, the defendant, gave false and misleading sworn testimony regarding the rent payments he received from DEVITO as a result

of the pipe break at 28 Brae Burn.

      i.  On or about January 29, 2005, JOHN LISCIO, the defendant, met with CW-1 at LISCIO's office in Tuckahoe, New York.  During the course of the meeting, LISCIO described how LISCIO, LOUIS CORDASCO, JR., and others intended to break a pipe at 4350 Purchase, CW-1's house, for the purpose of fraudulently obtaining insurance proceeds.

      j.  On or about February 2, 2005, JOHN LISCIO, LOUIS CORDASCO, JR. and CW-1 met at 4350 Purchase and discussed how to cause water damage to the home.

      k.  On or about February 8, 2005, LOUIS CORDASCO, JR., the defendant, brought a person to CW-1's home at 4350 Purchase for the purpose of identifying which pipe to break in the house.

(Title 18, United States Code, Section 1349.)

## COUNT TWO

The Grand Jury further charges:

16.  From in or about January 2003 up to and including in or about June 2004, in the Southern District of New York and elsewhere, DOMENICK DEVITO, LOUIS CORDASCO, JR., JOHN LISCIO, and ROBERT DIDONATO, the defendants, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses,

8

representations and promises, to wit, a scheme to obtain hundreds of thousands of dollars in insurance proceeds from water damage to 28 Brae Burn by, among other things, submitting and causing to be submitted to an insurance company documents containing false representations and material omissions regarding, among other things, the value of certain items of personal property, for the purpose of executing such scheme and artifice and attempting so to do, unlawfully, willfully and knowingly would and did place in a post office and authorized depository for mail matter, matters and things to be sent and delivered by the Postal Service, and would and did take and receive therefrom, such matters and things, and would and did knowingly cause to be delivered by mail according to the direction thereon, and at the place at which it was directed to be delivered by the person to whom it was addressed, such matters and things, to wit, DOMENICK DEVITO, LOUIS CORDASCO, JR., JOHN LISCIO, and ROBERT DIDONATO, the defendants, and others known and unknown, caused checks, representing the proceeds of the insurance fraud, to be mailed, on or about April 17, 2003 and on or about April 24, 2003, by an insurance company via the Postal Service, from North Carolina to an office in Westchester County, New York.

(Title 18, United States Code, Section 1341).

9

**FORFEITURE ALLEGATION**

17. As a result of committing the mail fraud offenses alleged in Counts One, Two and Three of this Indictment, DOMENICK DEVITO, LOUIS CORDASCO, JR., JOHN LISCIO, and ROBERT DIDONATO, the defendants, shall forfeit to the United States, pursuant to 18 U.S.C. § 982, any property constituting or derived from proceeds obtained directly or indirectly as a result of the mail fraud offenses alleged in Counts One, Two and Three of this Indictment, including but not limited to the following: at least $700,000 in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the offenses alleged in Counts One and Two of the Indictment, for which the defendants are jointly and severally liable.

**Substitute Assets Provision**

18. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the

                jurisdiction of the court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

      (Title 18, United States Code, Section 982 and
Title 18, United States Code, Sections 1341 and 1349.)

_____      _____
FOREPERSON                               MICHAEL J. GARCIA
                                                      United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

DOMENICK DEVITO,
LOUIS CORDASCO, JR.,
JOHN LISCIO, and
ROBERT DIDONATO,

Defendants.

INDICTMENT

S2 06 Cr. 1089

(Title 18, United States Code,
Sections 1341, 1349.)

MICHAEL J. GARCIA
United States Attorney.

A TRUE BILL

Foreperson.