USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
 :
UNITED STATES OF AMERICA :
 :
         - v. -  :     INFORMATION
 :
ROBERT DIDONATO,  :     S6 06 Cr. 1089 (BSJ)
 :
                 Defendant.  :
 :
 :
- - - - - - - - - - - - - - - - x

COUNT ONE

The United States Attorney charges:

1.   From at least in or about January 2002 through in or about November 2004, in the Southern District of New York and elsewhere, ROBERT DIDONATO, the defendant, and others, known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, to violate Section 1344 of Title 18, United States Code.

2.   It was a part and object of the conspiracy that ROBERT DIDONATO, the defendant, and others known and unknown, unlawfully, willfully, and knowingly would and did execute a scheme and artifice to defraud financial institutions, the deposits of which were then insured by the Federal Deposit Insurance Corporation, including but not limited to First National Bank of Arizona, Washington Mutual Bank, Chevy Chase Bank, GreenPoint Savings Bank and Lehman Brothers Bank, FSB, and

to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such financial institutions, by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

<u>MEANS OF THE CONSPIRACY</u>

3. It was a means of the conspiracy that ROBERT DIDONATO, the defendant, engaged in an illegal scheme to purchase and re-finance several multi-million dollar residential properties with mortgage and home equity loans obtained through the submission of false and misleading information to banks and other lenders. Many of the loans were equal to or in excess of one hundred percent of a property's actual sale price, so that the defendant and his co-conspirators did not have to put any of their own money at risk in the transaction. The properties in the scheme included 28 Brae Burn Drive, Purchase, New York ("28 Brae Burn"), 29 Pinehurst Drive, Purchase, New York ("29 Pinehurst"), 116 Lakeshore Drive, Eastchester, New York ("116 Lakeshore Drive"), 9 Oak Valley Lane, Purchase, New York, ("9 Oak Valley"), 4350 Purchase Street, Purchase, New York ("4350 Purchase"), 3801 Purchase Street, Purchase, New York ("3801 Purchase"), 4 Ridgeland Manor, Rye, New York ("4 Ridgeland") and 28 Scott Circle, Purchase, New York ("28 Scott Circle").

4. It was a further means of the conspiracy that

ROBERT DIDONATO, the defendant, submitted and caused to be submitted to various federally-insured banks certain documents, including loan applications, contracts of sale, deeds, real estate transfer documents, and title reports, among others, which contained materially false or misleading information about the credit-worthiness of the borrower, the chain of title to the property, and the sale price of the home, among other things, for the purpose of inducing banks to make loans that they otherwise would not have funded.

## OVERT ACTS

5. In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

    a. In or about April 2002, ROBERT DIDONATO, the defendant, offered to purchase 29 Pinehurst on behalf of a co-conspirator for its full asking price of $895,000 before the property was listed on the market.

    b. On or about July 22, 2002, ROBERT DIDONATO, the defendant, caused a false and misleading statement to be made to Chevy Chase Bank regarding, among other things, the sale price and the chain of title to 29 Pinehurst in connection with a loan application for a mortgage to purchase 29 Pinehurst.

    c. In or about January 2003, ROBERT DIDONATO, the

defendant, moved into 29 Pinehurst as his primary residence.

    d.    In or about November 2003, ROBERT DIDONATO, the defendant, submitted and caused to be submitted to Washington Mutual Bank loan application documents which contained false and misleading statements about, among other things, the borrower's income in connection with the borrower's purchase of a property located at 9 Oak Valley.

    e.    In or about June 2004, ROBERT DIDONATO, the defendant, prepared a loan application for the purpose of purchasing 29 Pinehurst which contained false statements about the amount of a down payment he had made on the property.

(Title 18, United States Code, Section 371.)

## COUNT TWO

The United States Attorney further charges:

6.    From at least in or about January 2003, up to and including in or about February 2005, in the Southern District of New York and elsewhere, ROBERT DIDONATO, the defendant, and others, known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, to violate Section 1341 of Title 18, United States Code.

7.    It was a part and object of the conspiracy that ROBERT DIDONATO, the defendant, and others known and unknown, having devised and intending to devise a scheme and artifice to

4

defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, for the purpose of executing such scheme and artifice, unlawfully, willfully and knowingly would and did deposit and cause to be deposited matters and things to be sent and delivered by the Postal Service, and would and did knowingly cause to be delivered by mail according to the direction thereon, and at the place at which it was directed to be delivered by the person to whom it was addressed, such matters and things, in violation of Title 18, United States Code, Section 1341.

## MEANS OF THE CONSPIRACY

8. It was a means of the conspiracy that ROBERT DIDONATO, the defendant, submitted and caused to be submitted to insurance companies claims and supporting documents for water damage to homes and/or their contents caused by broken pipes, which claims contained false and misleading information about, among other things, the value of the contents of the home, for the purpose of obtaining insurance proceeds to which the defendant and his co-conspirators were not otherwise entitled.

## OVERT ACTS

9. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

      a.    On or about February 1, 2003, ROBERT DIDONATO, the defendant, entered into a sham residential real estate lease with another co-conspirator ("CC-1") for $12,500 a month, for the purpose of assisting CC-1 in obtaining insurance proceeds from the pipe break at 28 Brae Burn.

      b.    On or about April 24, 2004, an insurance company sent, via United States Mail, checks representing the proceeds of the insurance claim at 28 Brae Burn to an office in Westchester County.

      c.    On or about June 25, 2004, ROBERT DIDONATO, the defendant, gave false and misleading sworn testimony regarding the rent payments he received from CC-1 as a result of the pipe break at 28 Brae Burn.

(Title 18, United States Code, Section 371.)

### FIRST FORFEITURE ALLEGATION

10.    As the result of committing the bank fraud conspiracy alleged in Count One of this Information, in violation of Title 18, United States Code, Section 371, ROBERT DIDONATO, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 981 and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense, including but not limited to the following:

      a.    At least $100,000 in United States currency, in

that such sum in aggregate is property representing the amount of proceeds obtained by ROBERT DIDONATO, the defendant, as a result of the bank fraud conspiracy alleged in Count One of this Information.

        (Title 18, United States Code, Section 981 and
         Title 28, United States Code, Section 2461.)

### SECOND FORFEITURE ALLEGATION

11.   As the result of committing the mail fraud conspiracy alleged in Count Two of this Information, in violation of Title 18, United States Code, Section 371, ROBERT DIDONATO, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 981 and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense, including but not limited to the following:

    a.   At least $12,000 in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained by ROBERT DIDONATO, the defendant, as a result of the mail fraud conspiracy alleged in Count Two of this Information.

        (Title 18, United States Code, Section 981 and
         Title 28, United States Code, Section 2461.)

                                  */s/ Michael J. Garcia*
                                MICHAEL J. GARCIA
                                United States Attorney